UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARNELL WILEY-BEY,

        Plaintiff,                  CIVIL ACTION NO. 09-11423

vs.                           DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                 MAGISTRATE JUDGE DONALD A. SCHEER

U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN,

        Defendant.
_____/


<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

<u>RECOMMENDATION</u>: Plaintiff's Complaint for Mandamus Relief should be DISMISSED,
sua sponte, as Plaintiff must proceed by way of a writ of habeas corpus, and must first
show that he has exhausted available state remedies.

\*   \*   \*

      Plaintiff, while a state prisoner at the Cooper Street Correctional Facility in Jackson,
Michigan,[1] filed the instant Complaint seeking mandamus relief, pursuant to 28 U.S.C.
§ 1361, on April 16, 2009. He requests federal review of his Michigan prison sentence in
order to secure a state credit that would reduce his maximum prison term.  Plaintiff alleges
that he is entitled to this credit based on cumulative changes in Michigan's sentencing laws
enacted since his incarceration in 1982. The case was referred to the magistrate judge
on June 2, 2009.

---

      [1]Plaintiff is still incarcerated at the Cooper Street Correctional Facility.

Plaintiff seeks injunctive and declaratory relief in the form of an order of mandamus reducing the maximum length of his state court sentence. Such request can either be interpreted as one for release on parole, or an application for unconditional release.  In either case, Plaintiff clearly seeks freedom from prison.  A prisoner civil rights complaint, however, is an improper means for attacking the length of incarceration.  In Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), the Supreme Court held that when a state prisoner is challenging the fact or duration of his physical confinement, his sole remedy is a writ of habeas corpus.   The Preiser court stated that the writ was the "exclusive remedy" for attacking the validity of state confinement.  Id. at 489.

Before a state prisoner is entitled to habeas review, however, he must exhaust his available state remedies by "fairly presenting" the substance of each federal constitutional claim[2] to the state appellate courts before raising them again in a petition for habeas corpus.   Picard v. Connor, 404 U.S. 270, 277-278 (1971).  A prisoner challenging a Michigan conviction is required to raise each issue in both the Michigan Court of Appeals and Supreme Court before seeking relief in federal court.  Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973); Hafley v. Sowders, 902 F.2d 480 (6th Cir. 1990).  Accordingly, the instant Complaint seeking federal  review of Plaintiff's state court sentence should be DISMISSED, sua sponte.  Plaintiff must proceed by way of a writ of habeas corpus, and must first show that he has exhausted available state remedies.

---

[2]A writ of habeas corpus is available to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Zatkoff's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 8, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on June 8, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 8, 2009: **Darnell Wiley-Bey**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217